# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In Re: | Case No. 19-11351 |
| Jason D. Wallace, | Chapter 7 |
| Debtor. | JUDGE JESSICA PRICE SMITH |
| SOLON CITY SCHOOL DISTRICT BOARD OF EDUCATION<br>33800 Inwood Road<br>Solon, OH 44139<br><br>LIBERTY MUTUAL INSURANCE COMPANY<br>175 Berkeley Street<br>Boston, MA 02116<br><br>NORDONIA HILLS CITY SCHOOL DISTRICT BOARD OF EDUCATION<br>9370 Olde Eight Road<br>Northfield, OH 44067<br><br>HYLANT ADMINISTRATIVE SERVICES LLC d/b/a HAS CLAIMS SERVICE<br>811 Madison Avenue<br>Toledo, OH 43604<br><br>and | Adversary Case No.<br><br>_____<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBTS PURSUANT TO 11 U.S.C. § 523(a)** |

1

{02892502 -3}

CLEVELAND HEIGHTS-UNIVERSITY
HEIGHTS SCHOOL DISTRICT BOARD
OF EDUCATION
2155 Miramar Blvd.
University Heights, OH 44118

   Plaintiffs,

versus

JASON D. WALLACE
19540 Riverview Avenue
Rocky River, OH 44116

   Defendant.

<u>Also Serve:</u>

Susan M. Gray
Susan M. Gray Attorneys & Counselors at Law
22255 Center Ridge Road, #210
Rocky River, OH 44116

*Attorney for Defendant/Debtor*

Plaintiffs Solon City School District Board of Education ("Solon"), Liberty Mutual Insurance Company ("Liberty Mutual"), Nordonia Hills City School District Board Of Education ("Nordonia"), Hylant Administrative Services LLC d/b/a HAS Claims Service ("Hylant"), and Cleveland Heights-University Heights School District Board Of Education ("CH-UH" and collectively with Solon, Liberty Mutual, Nordonia, and Hylant, "District Plaintiffs"), by and through undersigned counsel, bring this adversary

2

proceeding against Defendant/Debtor Jason D. Wallace pursuant to 11 U.S.C. § 523 and Bankruptcy Rule 4007 to determine the dischargeability of debts, and state and aver as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Solon, Nordonia, and CH-UH are each a local education agency ("LEA") under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, *et seq.* ("IDEA").

2. Solon, Nordonia, and CH-UH are each a "governmental unit" as that term is used in 11 U.S.C. § 101(15).

3. Liberty is a corporation organized under the laws of the Commonwealth of Massachusetts, with its principal place of business in Boston, Massachusetts. At all times relevant herein, Liberty was authorized to conduct business in the State of Ohio. Further, at all times relevant herein, Solon was insured by Liberty relative to the defense of IDEA-related claims alleged against Solon, as described further below.

4. Hylant is an Ohio limited liability company with its principal place of business in Toledo, Ohio. At all times relevant herein, Nordonia was insured pursuant to the Ohio School Plan, which was managed and administered by Hylant, relative to the defense of the IDEA-related claims alleged against Nordonia, as described further below.

3
{02892502 -3}

19-01052-jps    Doc 1    FILED 06/21/19    ENTERED 06/21/19 12:26:25    Page 3 of 14

5. Mr. Wallace is an attorney licensed to practice law in the State of Ohio, and has been so since 2013.

6. As part of his law practice, either individually or in conjunction with other attorneys, Mr. Wallace was involved in multiple proceedings against LEA's instituted pursuant to IDEA and other applicable laws and regulations.

7. On or about March 13, 2019, Mr. Wallace filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code.

8. The District Plaintiffs are creditors or potential creditors of Mr. Wallace, as further described below.

9. The District Plaintiffs are listed on Mr. Wallace's Schedule E/F as creditors having nonpriority unsecured claims against him.

10. This Court has jurisdiction over this Adversary Complaint pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 541.

11. This Adversary Complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This action, brought under Fed. R. Bankr. P. 7001(6), is timely filed within the period specified by Fed. R. Bankr. P. 4007(c).

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1408, and 1409.

## FEE-SHIFTING UNDER THE IDEA

13. Under the IDEA, a court may award reasonable attorneys' fees to a prevailing party who is an LEA against the attorney(s) of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation or who continues to litigate after the litigation clearly becomes frivolous, unreasonable, or without foundation. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(II-III).

14. The IDEA further provides a court may award reasonable attorneys' fees to a prevailing party who is an LEA against the attorney(s) of a parent whose complaint or subsequent cause of action was presented for any improper purpose, such as to harass, cause unnecessary delay, or to needlessly increase the cost of litigation.

## FACTS RELATED TO SOLON AND LIBERTY MUTUAL

15. On or about April 14, 2015, Mr. Wallace filed or caused to be filed an IDEA Complaint against Solon on behalf of a student identified herein as K.M. ("K.M. Matter").

16. The K.M. Matter was presided over by Impartial Hearing Officer ("IHO") Anne Piero Silagy.

17. Pursuant to Ohio Administrative Code § 3301-51-05(K)(16)(d), all IHO hearing costs are paid by school districts. Thus, Solon and/or Liberty Mutual paid or caused to be paid all IHO hearing costs relating to the K.M. Matter.

18. On or about April 29, 2016, IHO Silagy issued her Final Decision in the K.M. Matter, finding in favor of Solon on all claims presented. IHO's Silagy's Final Decision in the K.M. Matter made clear there was no evidentiary support for the claims and defenses advanced therein on behalf of K.M., and the conduct of K.M.'s counsel, including Mr. Wallace, was inappropriate, unprofessional, and served only to protract and inflate the costs of the hearing.

19. IHO Silagy concluded Solon was a prevailing party in the K.M. Matter.

20. On or about June 13, 2016, Mr. Wallace appealed or caused to be appealed IHO Silagy's Final Decision in the K.M. Matter to a State Level Review Officer ("SLRO") appointed by the Ohio Department of Education ("ODOE").

21. Monica R. Bohlen was appointed by ODOE as the SLRO for the K.M. Matter.

22. On or about November 7, 2016, SLRO Bohlen issued a Final Decision and Entry in the K.M. Matter, in which she upheld the Final Decision of IHO Silagy in its entirety.

23. SLRO Bohlen concluded Solon was a prevailing party under IDEA in the K.M. Matter.

24. On or about November 22, 2016, Solon and Liberty filed a Complaint against Mr. Wallace and others, seeking to recover fees under the IDEA pursuant to 20 U.S.C. § 1415(i)(3)(B)(II) & (III) relating to the K.M. Matter. *See Solon City School District*

6
{02892502 -3}

19-01052-jps    Doc 1    FILED 06/21/19    ENTERED 06/21/19 12:26:25    Page 6 of 14

*Board of Education, et al. v. Wallace, et al.*, N.D. Ohio Case No. 5:16-cv-02847-SL ("Solon Litigation").

25. In the Solon Litigation, Solon and Liberty seek to recover $49,618.49 for costs and expenses incurred in defense of the K.M. Matter. In addition, Liberty seeks to recover a minimum award of $84,013.61 in attorneys' fees for work performed on behalf of Solon in defense of the K.M. Matter.

26. On or about February 6, 2017, SLRO Bolen's decision in the K.M. Matter was appealed to the United States District Court for the Northern District of Ohio. *See Lucia Mack v. Solon City School District Board of Education*, Case No. 1:17-CV-00241-SL ("K.M. Appeal").

27. On February 22, 2017, Mr. Wallace filed or caused to be filed a Notice of Appearance in the K.M. Appeal, indicating he was appearing as co-counsel for the plaintiff therein.

28. On January 12, 2018, the K.M. Appeal was voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and it has not been refiled.

29. As of June 21, 2019, the Solon Litigation remained pending.

**FACTS RELATED TO NORDONIA AND HYLANT**

30. On or about May 5, 2015, Mr. Wallace filed or caused to be filed an IDEA Complaint against Nordonia on behalf of a student identified herein as R.C. ("R.C. Matter").

31. The R.C. Matter was presided over by IHO Irene H. McMullen.

32. Nordonia and/or Hylant paid or caused to be paid all IHO hearing costs relating to the R.C. Matter.

33. On or about May 2, 2016, IHO McMullen issued her Final Decision in the R.C. Matter, finding in favor of Nordonia on all claims presented. IHO McMullen's Final Decision in the R.C. Matter made clear there was no evidentiary support for the claims and defenses advanced therein on behalf of R.C.

34. On or about June 15, 2016, Mr. Wallace appealed or caused to be appealed IHO McMullen's Final Decision in the R.C. Matter to a SLRO appointed by ODOE.

35. Robert L. Mues was appointed by ODOE as the SLRO for the R.C. Matter.

36. On or about July 7, 2016, SLRO Mues issued an Order Dismissing Petitioner's Appeal in the R.C. Matter.

37. On or about August 5, 2016, Nordonia and Hylant filed a Complaint against Mr. Wallace and others, seeking to recover fees under the IDEA pursuant to 20 U.S.C. § 1415(i)(3)(B)(II) & (III) relating to the R.C. Matter. *See Nordonia Hills City School District Board of Education, et al. v. Wallace, et al.*, N.D. Ohio Case No. 5:16-cv-01973-JRA ("Nordonia Litigation").

38. In the Nordonia Litigation, Nordonia and Hylant seek to recover $38,430.59 for costs and expenses incurred in defense of the R.C. Matter. In addition,

Nordonia and Hylant seek to recover a minimum award of $106,026.56 in attorneys' fees for work performed on behalf of Nordonia in defense of the R.C. Matter.

39. On or about October 5, 2016, Mr. Wallace appealed or caused to be appealed SLRO Mues' decision in the R.C. Matter to the United States District Court for the Northern District of Ohio. *See Angela Coleman v. Nordonia Hills City Schools*, Case No. 5:16-CV-02445-JRA ("R.C. Appeal").

40. On May 3, 2017, the parties to the R.C. Appeal each filed their Proposed Findings of Fact and Conclusions of Law.

41. As of June 21, 2019, the R.C. Appeal remained pending.

42. As of June 21, 2019, the Nordonia Litigation remained pending.

## FACTS RELATED TO CH-UH

43. On or about February 9, 2015, Mr. Wallace filed or caused to be filed an IDEA Complaint against CH-UH on behalf of a student identified herein as A.B. ("A.B. Matter").

44. The A.B. Matter was presided over by IHO Ronald E. Alexander

45. CH-UH paid or caused to be paid all IHO hearing costs relating to the A.B. Matter.

46. On or about September 24, 2016, IHO Alexander issued his Final Decision in the A.B. Matter, finding CH-UH did not violate any federal or state laws of regulations and A.B. was never a child with a disability.

47. On or about November 11, 2016, Wallace appealed or caused to be appealed IHO Alexander's Final Decision in the A.B. Matter to a SLRO appointed by ODOE.

48. Robert L. Mues was appointed by ODOE as the SLRO for the A.B. Matter.

49. On or about January 25, 2017, SLRO Mues issued a Final Decision and Entry upholding the Final Decision of IHO Alexander in the A.B. Matter.

50. On or about April 25, 2017, CH-UH filed a Complaint against Mr. Wallace and others, seeking to recover fees under the IDEA pursuant to 20 U.S.C. § 1415(i)(3)(B)(II) & (III) relating to the A.B. Matter. *See Cleveland Heights-University Heights City School District Board of Education, et al. v. Wallace, et al.*, N.D. Ohio Case No. 5:17-cv-00883-TMP ("CH-UH Litigation").

51. In the CH-UH Litigation, CH-UH seeks to recover approximately $88,000.00 for costs and expenses incurred in defending the R.C. Matter. In addition, CH-UH seeks to recover approximately $108,000.00 in attorneys' fees for work performed on behalf of CH-UH in defending the A.B. Matter.

52. On or about April 24, 2017, SLRO Bolen's decision in the A.B. Matter was appealed to the United States District Court for the Northern District of Ohio. *See Ayan Burton v. Cleveland Heights-University Heights City School District Board of Education*, Case No. 1:17-CV-00879-TMP ("A.B. Appeal").

53. On or about May 22, 2017, Mr. Wallace appeared on behalf of the plaintiff in the A.B. Appeal.

54. On or about June 11, 2018, the A.B. Appeal was dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), and it has not been refiled.

55. On or about February 13, 2018, the Court entered an order in the CH-UH litigation staying all proceedings.

## FIRST CAUSE OF ACTION
### (Non-Dischargabilty of Debt Pursuant to 11 U.S.C. § 523(a)(6))

56. The District Plaintiffs incorporate the allegations of Paragraphs 1 through 55 as if set forth here in their entirety.

57. Pursuant to 11 U.S.C. § 523(a)(6), a debtor may not receive a discharge for a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

58. A willful injury occurs when the actor desires to cause the consequence of the act, or believes injury is substantially certain to occur as a result of his behavior. *See, e.g.*, *Sanderson Farms, Inc. v. Gasbarro*, 299 Fed. Appx. 499, at *4 (6th Cir. 2008) ("For the discharge exception under § 523(a)(6) to apply, a debtor must: (1) 'will or desire harm[;]' or (2) 'believe injury is substantially certain to occur as a result of his behavior.'") (quoting *Markowitz v. Campbell (In re Markowitz)*, 190 F.3d 455, 465, n.10 (6th Cir. 1999)); *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 307 (B.A.P. 6th Cir. 2004); *see also*

*Kane v. Stewart Tilghman Fox & Bianchi PA (In re Kane)*, 755 F.3d 1285, 1293 (11th Cir. 2014), *cert. denied*, 135 S.Ct. 718 (2014); *Hough v. Margulies (In re Margulies)*, 541 B.R. 156, 162-164 (Bankr. S.D.N.Y. 2015), *aff'd*, 566 B.R. 318 (S.D.N.Y. 2017), *aff'd* 721 Fed. Appx. 98 (2d Cir. 2018).

59. "A court may consider circumstantial evidence in determining what the debtor may have known when taking the action that produced the injury." *Yeager vs. Wilmers*, 553 B.R. 102, 107 (S.D. Ohio 2015).

60. The term "malicious" does not require ill-will or specific intent. It means the action is taken in disregard of one's duties or without just cause or excuse. *Monsanto Co. vs. Trantham (In Re Trantham)*, 304 B.R. 298, 308 (B.A.P. 6th Cir. 2004); *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986) (citing cases).

61. Based on the foregoing, the potential judgments against Mr. Wallace and in favor of the District Plaintiffs that may be entered in the Solon Litigation, the Nordonia Litigation, and/or the CH-UH Litigation are non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

## SECOND CAUSE OF ACTION
**(Non-Dischargabilty of Debt Pursuant to 11 U.S.C. § 523(a)(7))**

62. The District Plaintiffs incorporate the allegations of Paragraphs 1 through 61 as if set forth here in their entirety.

63. Pursuant to 11 U.S.C. § 523(a)(7), a debtor may not receive a discharge for a debt "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss . . . ."

64. A fee-shifting award under IDEA is a penalty or coercive measure resulting from failure to comply with a law, rule, or order.

65. A fee-shifting award under IDEA lies within the discretion of a court to grant or deny. *See, e.g.*, *Mr. L. v. Sloan*, 449 F.3d 405, 406 (2d Cir. 2006).

66. A fee-shifting award under IDEA "fits comfortably" inside the definition of a "sanction," which is defined as "'a penalty or coercive measure that results from failure to comply with a law, rule, or order.'" *See Wesco Ins. Co. v. Roderick Linton Belfance, LLP, et al.*, Case No. 1:17-CV-1813, 2018 WL 4510093 (N.D. Ohio Sept. 19, 2018) (quoting Black's Law Dictionary (10th ed. 2014)).

67. A fee-shifting award under IDEA is not "compensation for actual pecuniary loss . . . ."

68. Based on the foregoing, the potential judgments against Mr. Wallace and in favor of the District Plaintiffs that may be entered in the Solon Litigation, the Nordonia Litigation, and/or the CH-UH Litigation are non-dischargeable pursuant to 11 U.S.C. § 523(a)(7).

WHEREFORE, the District Plaintiffs pray for judgment in their favor and against Defendant Jason D. Wallace:

A. Holding the potential judgments against Mr. Wallace and in favor of the District Plaintiffs that may be entered in the Solon Litigation, the Nordonia Litigation, and/or the CH-UH Litigation are non-dischargeable pursuant to 11 U.S.C. § 523(a)(6); and

B. Holding the potential judgments against Mr. Wallace and in favor of the District Plaintiffs that may be entered in the Solon Litigation, the Nordonia Litigation, and/or the CH-UH Litigation are non-dischargeable pursuant to 11 U.S.C. § 523(a)(7); and

C. Awarding the District Plaintiffs their costs and expenses incurred herein, including reasonable attorneys' fees; and

D. Granting the District Plaintiffs such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Darrell A. Clay
Darrell A. Clay (Reg. No. 0067598)
Email: dclay@walterhav.com
Direct Dial: 216-928-2896

WALTER | HAVERFIELD LLP
1301 East 9th Street, Suite 3500
Cleveland, Ohio 44114-1821
(216) 781-1212 telephone
(216) 575-0911 facsimile

*Attorney for the District Plaintiffs*